UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 01-30407

_____

GARRETT W. CIRESI; STEPHANIE H. CIRESI,

Plaintiffs-Appellants,

versus

DAIMLER/CHRYSLER CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(00-CV-1269-F)
_____
September 19, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellants brought this products liability action against
Appellee DaimlerChrysler (Chrysler) for damages resulting from
injuries to Mr. Ciresi allegedly caused by a defective air bag.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Holding that Appellants had presented no evidence of the crucial element of causation in their cause of action, the district court granted Chrysler's motion for summary judgment. Contrary to Appellants' assertions on appeal, the district court did not err. Chrysler presented undisputed testimony that something other than the air bag (assuming arguendo that the air bag was indeed defective) could have caused Mr. Ciresi's injuries. Appellants presented no evidence that conflicts with this testimony. There was thus no issue of material fact as to causation that could preclude a grant of summary judgment in favor of Chrysler. Appellants' attempt to fill the evidentiary gap by relying on the res ipsa loquitur doctrine fails for the reason stated by the district court.

Appellants object to various decisions made by the district judge and the magistrate judge in managing the case: the denial of a tardily filed motion for leave to amend the complaint by adding a seemingly superfluous defendant; the denial of an untimely motion to extend the deadline for submitting expert witness testimony; and the striking of evidentiary submissions made in violation of that deadline. We perceive no abuse of discretion in any of these decisions. Even if we thought otherwise, we do not see how it could make a difference to the disposition of Chrysler's summary judgment motion.

**AFFIRMED.**